UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KEVIN COYNE, )
)
        *Plaintiff* )
)
v. ) No. 2:16-cv-00536-GZS
)
NANCY A. BERRYHILL, )
*Acting Commissioner of Social Security,* )
)
        *Defendant* )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in (i) interpreting raw medical evidence to determine his mental residual functional capacity ("RFC"), (ii) rejecting the opinions of treating psychiatrist Ami Lim, M.D., and examining psychologist Kenneth Freundlich, Ph.D., and (iii) misconstruing progress notes of treating psychiatrist Peter Wilk, M.D., and ignoring his opinions expressed in disability insurance questionnaires that she admitted into evidence. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 10) at 2-7. The first point is dispositive in the plaintiff's favor and, on that basis, I recommend that the court vacate the commissioner's decision and remand this

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

case for further proceedings consistent herewith. I do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, Finding 1, Record at 13; that he had severe impairments of an anxiety disorder and a depressive disorder, Finding 3, *id.*; that he had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: that he had a limitation in concentration, persistence, or pace with the ability to understand, remember, and carry out simple tasks and was limited to object-oriented tasks with only occasional superficial work-related interactions with supervisors, coworkers, and the general public, Finding 5, *id.* at 14; that, considering his age (44 years old, defined as a younger individual, on his alleged disability onset date, December 29, 2011), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 19-20; and that he, therefore, had not been disabled from December 29, 2011, through the date of the decision, August 10, 2015, Finding 11, *id.* at 20-21. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

As the plaintiff points out, *see* Statement of Errors at 2-7, the ALJ's finding that he had the above mental RFC is unsupported by any expert opinion of record. She did not discuss the May 23, 2013, opinion of agency nonexamining consultant Ellen Gara, M.D., on initial review of the plaintiff's SSD application that, although he had moderate limitations in activities of daily living, there was otherwise insufficient evidence to review his claim. *See* Record at 19, 58. She noted that, on reconsideration of the plaintiff's claim on January 17, 2014, agency nonexamining consultant Brian Stahl, Ph.D., found insufficient evidence to assess the claim in any respect. *See id*. at 19, 69-70. However, she stated that she found that there was "significant evidence to make a determination." *Id*. at 19.

She stated that she did not afford great weight to the March 2013 opinion of Dr. Lim that the plaintiff was unable to sustain attention and focus, unable to work with others, could not interact with the public, was unable to respond appropriately to changes in the workplace, was markedly impaired in concentration, persistence, and pace, and had continual episodes of decompensation, explaining that the opinion was "not supported by, or consistent with, the longitudinal record." *Id*. at 18-19.

3

She did not explain the weight given to Dr. Freundlich's June 2012 opinion that the plaintiff continued to exhibit significant psychological and cognitive impairments that prevented him from returning to work at that time. *See id*. at 18. However, she seemingly rejected it, stating that it was "not consistent with, and supported by, the longitudinal record." *Id*. She explained that (i) the Freundlich assessment appeared to be "based upon the [plaintiff's] subjective complaints over objective clinical findings[,]" (ii) Dr. Freundlich's mental status examinations revealed no significant abnormalities, and (iii) Dr. Freundlich had noted that the plaintiff's history of alcohol abuse could be a factor in his presentation. *Id*.

She made no mention of Dr. Wilk's responses to disability questionnaires spanning the period from September 23, 2014, to June 4, 2015, in which Dr. Wilk continually expressed the opinion that the plaintiff was unable to return to work. *See id*. at 18-19, 26-30. He stated, for example, on June 4, 2015: "If forced to engage in tasks when he is anxious, his anxiety ↑↑." *Id*. at 30. He added: "My focus is on helping him have improved health + quality of life within his fairly constricted range." *Id*.

The ALJ described her RFC finding as "supported by the diagnostic testing, clinical signs and examinations of record, the [plaintiff's] treatment history, and his activities of daily living." *Id*. at 19.

The commissioner does not dispute that the ALJ crafted a mental RFC absent reliance on expert opinion. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 12) at 5-7. However, she contends that the ALJ made a permissible commonsense judgment based on the totality of that evidence. *See id*.; *see also, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (Although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on

4

medical findings," she "is not qualified to assess residual functional capacity based on a bare medical record.").[2] She cites *Davis v. Colvin*, No. 1:14-cv-343-JHR, 2015 WL 3937423, at *2 n.2 (D. Me. June 25, 2015), for the proposition that a physical RFC determination need not be buttressed by the opinion of a medical expert, and *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015), for the proposition that remand is unwarranted when an ALJ has adequately explained a mental RFC finding. *See* Opposition at 6-7. Both cases are distinguishable.

The quotation from *Davis* on which the commissioner relies on its face addresses only physical RFC determinations. *See* Opposition at 6; *Davis*, 2015 WL 3937423, at *2 n.2. In *Davis*, the court held remand unwarranted with respect to the ALJ's mental RFC finding after it rebuffed the claimant's argument that, in making that finding, the ALJ had rejected every expert opinion of record. *See id*. at *5-*6. The court noted, for example, that the ALJ's mental RFC determination was consistent with the opinion of a psychologist-reviewer that the claimant could perform work involving only simple tasks and changes in routine and only small groups of coworkers. *See id*. at *6.

In *Soto*, the court rejected a claimant's bid for remand on the basis that an ALJ had impermissibly interpreted raw medical evidence to determine his mental RFC when that finding was "more favorable than the evidence would otherwise support." *Soto*, 2015 WL 58401, at *3 (footnote omitted). The *Soto* court distinguished the then-recently decided case of *Bernier v. Colvin*, No. 1:14-cv-29-JHR, 2015 WL 46062 (D. Me. Jan. 2, 2015), in which the commissioner

---

[2] At oral argument, when I pressed the commissioner's counsel as to whether the ALJ's mental RFC determination rested in part on any expert opinion evidence, she contended that it reflected Dr. Lim's findings of poor to no ability to interact appropriately with the general public or respond appropriately to changes in a routine work setting as well as impairments in concentration. *See* Record at 250-51. Yet, the ALJ herself offered no such explanation. Instead, she specifically mentioned those findings in describing the Lim assessment as not supported by, or consistent with, the longitudinal record. *See id*. at 18-19.

had argued solely that an ALJ's mental RFC finding was the product of a commonsense judgment. *Id.* at *3 n.3.

In this case, as in *Bernier*, the commissioner has not contended that the ALJ's mental RFC determination is more favorable than the evidence would otherwise support. *See* Opposition at 5-7. Rather, she contends only that the ALJ made a permissible commonsense judgment in setting forth that RFC. *See id.* That argument is no more persuasive here than it was in *Bernier*. *See Bernier*, 2015 WL 46062, at *4 (rejecting argument that ALJ made commonsense determination of claimant's mental RFC with respect to concentration, persistence, and pace; noting, "Even granting that the [claimant's] ability to read, watch television, learn Japanese, and work on an electronics project suggests some capacity to concentrate and persist, it does not suggest, as a matter of commonsense judgment, that he retained the ability on a full-time basis to handle routine tasks/semiskilled work, occasional decision-making, and occasional workplace changes.") (footnote omitted).

In this case, as in *Bernier*, the ALJ relied heavily on activities of daily living in addition to normal findings on mental status examination. *See* Record at 15-18; *see also* Opposition at 7. The ALJ pointed, for instance, to Dr. Wilk's encouragement of the plaintiff to continue volunteering at a Boys and Girls Club, the plaintiff's completion of an online real-estate course, and his ability to read, exercise, walk, drive, go out unaccompanied, socialize with friends, and shop. *See* Record at 16-17; *see also* Opposition at 7.

As a threshold matter, as the plaintiff's counsel contended at oral argument, the ALJ's reliance on some of these activities is problematic. Some predated the plaintiff's alleged onset date of disability. *See* Record at 15 (describing events prior to December 29, 2011). As to others, the ALJ overlooked pertinent hearing testimony. For example, the plaintiff testified that he ceased

the Boys and Girls Club mentoring activity after only two visits and did not take a real-estate course but, rather, did five or six hours of online research. *See id.* at 39.

Regardless, as the plaintiff's counsel persuasively argued, the ALJ exceeded the bounds of her expertise as a layperson in relying heavily on activities of daily living to conclude that the plaintiff had sufficient capacity to perform simple object-oriented work with limited interactions with others on a sustained full-time basis. *See, e.g., Ormon v. Astrue*, 497 Fed. Appx. 81, 87 (1st Cir. 2012) ("[T]here is a difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week.") (citation and internal quotation marks omitted).

As the plaintiff's counsel contended at oral argument, this record, containing the opinions of two treating physicians and an examining consultant that the plaintiff had disabling mental limitations, was too ramified to permit commonsense judgments about functional capacity based on medical findings. *See, e.g., Roberts v. Barnhart,* 67 Fed. Appx. 621, 623 (1st Cir. 2003) ("As we have stated, an expert's RFC evaluation is required where the record . . . is sufficiently ramified that understanding it requires more than a layperson's effort at a common-sense functional capacity assessment.") (citation and internal quotation marks omitted); *compare, e.g., Gordils*, 921 F.2d at 329 ("Obviously, speaking hypothetically, if the only medical findings in the record suggested that a claimant exhibited little in the way of physical impairments, but nowhere in the record did any physician state in functional terms that the claimant had the exertional capacity to meet the requirements of sedentary work, the ALJ would be permitted to reach that functional conclusion himself.").

The commissioner defends the RFC determination as a commonsense judgment on one final basis: that the ALJ, whose prerogative it was to assess RFC based on the totality of the

7

evidence of record, adequately explained her finding.  *See* Opposition at 5-7 (citing *Staples v. Astrue*, Civil No. 09-440-P-S, 2010 WL 2680527, at *4 (D. Me. June 29, 2010) (rec. dec., *aff'd* July 19, 2010) ("*Donald Staples*")).

In *Donald Staples*, in response to the commissioner's argument that an ALJ had "permissibly assessed the [claimant's] mental RFC as of 1992 by crediting, at least in part, his subjective allegations, the [United States Department of Veterans Affairs ("VA")] disability ratings of record, and a 2000 mental status examination report authored . . . for the VA[,]" this court observed: "This argument might have proved persuasive had the [ALJ] clarified how she derived the specific components of her RFC from these sources[,] [b]ut she did not." *Donald Staples*, 2010 WL 2680527, at *3-*4.

Nor did the ALJ in this case.  While she summarized the longitudinal evidence of record, including findings on examination and the plaintiff's activities of daily living, and described her RFC finding as consistent therewith, she did not clarify how she derived the specific components of her RFC from those sources.  *See* Record at 15-19.[3]

For these reasons, the ALJ's mental RFC determination was unsupported by substantial evidence, undermining the relevance of the vocational expert testimony on which the ALJ relied to meet the commissioner's Step 5 burden that a person with the posited RFC could perform jobs existing in significant numbers in the national economy.  *See* Record at 20; *Arocho v. Secretary of Health & Human Servs.,* 670 F.2d 374, 375 (1st Cir. 1982) (responses of a vocational expert are

---

[3] At oral argument, the plaintiff's counsel contended that *Staples v. Berryhill*, No. 1:16-cv-00091-GZS, 2017 WL 1011426 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017) ("*Lisa Staples*"), is dispositive in his client's favor. *Lisa Staples* is instructive, but not dispositive. In *Lisa Staples*, as here, the ALJ made a mental RFC determination largely, if not entirely, predicated on her interpretation of the raw medical evidence. *See Lisa Staples*, 2017 WL 1011426, at *4. However, in that case, the commissioner argued that remand was unwarranted because the mental RFC determination was more favorable than the evidence would otherwise support, not because it was the product of a permissible commonsense judgment. *See id*.

relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record); *see also, e.g., Donald Staples*, 2010 WL 2680527, at *6 (same).

Remand is warranted in these circumstances.[4]

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of October, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] In his statement of errors, the plaintiff seeks remand for payment of benefits, asserting that there is no dispute over his disability. *See* Statement of Errors at 7. I recommend that the court deny this request. "[O]rdinarily the court can order the agency to provide the relief it denied only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits." *Seavey* v. *Barnhart,* 276 F.3d 1, 11 (1st Cir. 2001). Remand for further proceedings is appropriate when the court determines that the commissioner failed to meet the burden of proof at step 5 of the sequential evaluation process. *See id.* (vacating order directing payment of benefits despite claimant's argument "that the Commissioner [was] to blame for the insufficiency of the record, as the Commissioner failed to call a vocational expert to testify at the hearing"); *see also Freeman v. Barnhart,* 274 F.3d 606, 609 (1st Cir. 2001) (vacating order directing payment on remand where the order "rested primarily on the notion that the Commissioner bears the burden of proof at Step 5").